Jon P. Jacobs (SBN 205245)
Rene J. Dupart (SBN 289956)
LAW OFFICES OF JON JACOBS
5701 Lonetree Blvd, Ste. 202
Rocklin, CA  95765
Telephone:  (916) 663-6400
Facsimile: (916) 663-6500

Attorneys for Plaintiffs
KEVIN H. SCOTT and
JACQIE L. SCOTT

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN H. SCOTT, an individual; and JACQIE L. SCOTT, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> JAYCO, INC., a Delaware Corporation; and DOES 1 to 20, Inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> **(1) VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT BREACH OF EXPRESS WARRANTY** <br> **(2) VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT BREACH OF IMPLIED WARRANTY** <br> **(3) VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200** <br> **(4) VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT, CIVIL CODE § 1750 ET SEQ.** <br> **(5) VIOLATION MAGNUSON-MOSS WARRANTY ACT, 15 U.S.C. § 2301** <br><br> **DEMAND FOR JURY** <br><br> **DAMAGES EXCEED $75,000** |

**TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN**:

Plaintiffs hereby allege as follows:

## JURISDICTION AND VENUE

1. Plaintiffs KEVIN H. SCOTT (hereinafter "Plaintiffs" or "KEVIN") and JACQIE L.

SCOTT (hereinafter "Plaintiffs" and or "JACQIE") were, and are at all times mentioned,

citizens of the State of California, residing in the County of Kern.

2. Plaintiffs are informed and believe, and thereupon allege, that the incidents and events that gave rise to the above entitled complaint were committed in the County of Kern, in the State of California.

3. Plaintiffs are informed and believe, and thereupon allege, that Defendant JAYCO, INC. (hereinafter "JAYCO" and or "Defendant"), is a Delaware corporate entity and is not registered as a foreign corporation in the State of California.

4. Plaintiffs bring this action under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, California Song-Beverly Consumer Warranty Act for breach of express and implied warranties, California Business & Professions Code § 17200, California Consumer Remedies Act Civil Code § 1750.

5. The Court has jurisdiction over this action under 28 U.S.C. § 1332, in that the Defendant, Plaintiffs are citizens of the State of California, and JAYCO is a citizen of the of the State of Delaware, with its principal place of business, located in the city of Middlebury, State of Indiana, and that the amount in controversy exceeds the sum or value of $75,000.

6. Venue is appropriate in the United States District Court for the Eastern District of California, Bakersfield Division under 28 U.S.C. § 1391(b) because the incidents and events that gave rise to the above entitled action were committed in the County of Kern.

7. Plaintiffs demand trial by jury.

## **PARTIES**

8. Plaintiffs are now, and at all times relevant, residents of the State of California, and all the acts and omission herein set forth occurred in the County of Kern, in the State of California. Plaintiffs are "buyer" as defined by *California Civil Code § 2981(c) and § 1791(b)*.

9. Plaintiffs believe that Defendant JAYCO, a manufacturer as defined by *Civil Code §§ 1791(j) and (l),* is, and at all relevant times has been, a business entity incorporated

organized and existing under the laws of the State of Delaware, with their corporate offices located at 903 S. Main Street, Middlebury, IN 46540.

10. Defendant JAYCO is a "person" as defined by *California Civil Code § 1761(c).*

11. JAYCO is a "service contract seller" and/or "service contractor" and/or "service contract administrator" as defined respectively in *California Civil Code § 1791(q), (r)* and *(p).*

12. JAYCO is not licensed to do business in California, and transacts business in Kern County, California, and at all relevant times sold, promoted, and distributed Trailers, an example of which is the subject of this Action throughout the United States, including Kern County, California.  JAYCO has significant contacts with Kern County, California, and the activities complained of herein occurred, in whole or in part, in Kern County, California. JAYCO's agent for service of process is CSC-Lawyers Incorporating Services, located at 251 Little Falls Drive, Wilmington, DE 19808.

13. Plaintiffs are informed and believe, and thereupon allege, that each fictitiously named Defendant, herein DOES 1 through 20, are responsible for the events hereinafter alleged. Plaintiff further alleges that the Unknown Defendants were responsible in part for the damages and at this time are unknown to Plaintiff. Plaintiff will seek leave of Court to amend this Complaint to allege the true names and capacities of said fictitious named Defendants when ascertained.

14. Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, the Unknown Defendants are individuals and/or business entities whose forms are unknown. Plaintiffs are informed and believe, and on that basis allege, that at all times mentioned herein, the Unknown Defendants were agents, principals, employees, employers, and co-conspirators of each and every other names or unnamed Defendants in this Complaint.

15. Defendants sued herein as Does 1 through 20 are contractually, strictly, negligently, intentionally, vicariously liable and or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth in this Complaint,

and that each of said fictitiously named Defendants is indebted to Plaintiff as hereinafter alleged.

16. Whenever in this Complaint an act or omission of a corporation or business entity is alleged, the allegation shall be deemed to mean and include an allegation that the corporation or business entity acted or failed to act through its authorized officers, directors, agents, servants, and/or employees, acting within the course and scope of their duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation or business entity. As a result of their manufacturing and sales activities, Defendants, and each of them, are and were subject to and must comply with the Civil Code, Business and Professions Code § 17200, the Unfair and Deceptive Business Practices Act, and other relevant statutes and case law.

## STATEMENT OF THE FACTS

17. Plaintiffs re-allege and incorporate by reference all proceeding paragraphs 1 through 16 as though fully set forth herein.

18. On or around December 20, 2016, Plaintiffs purchased a new 2017 Jayco Seneca (hereinafter "RV"), VIN 3ALACXDT7HDHZ0660 from Des Moines RV (hereinafter "Dealership").

19. The RV was sold JAYCO's 2 year bumper to hitch warranty to be free from defects in materials and workmanship. Defendant JAYCO, by way of their warranties, promised Plaintiffs to make or provide repairs that were free of charges during the warranty period.

20. The RV is a "consumer good" and "consumer product" as defined respectively in Civil Code §§ 1791(a), and 15 U.S.C.A. 2301(1).

21. Plaintiffs' purchase of the RV is a "transaction" as defined in Civil Code § 1761(e), and a "sale" as defined in Civil Code § 1791(n), all pursuant to a "conditional sale contract" as defined in Civil Code § 2981(a)(1).

///

22. From the time of the purchase of the RV to the present, the RV has suffered extensive and ongoing problems, including but not limited to the following as articulated and written by the servicing JAYCO dealership:

| Problems | Date | Odo. | Days | RO # |
|---|---|---|---|---|
| **Compartment Door** – VERIFIED – C/states that there is a compartment that is loose very rear left. Compartment with water heater, found two brackets at bottom screws torn out of frame. Repair not complete. 04/05 Requested authorization online, pending approval at this time. 04/07 – Authorization approved for 1 hour complete repair. Reattach brack, replace broken bracket, add more support to compartment box for more support. Seal as needed. 04.11.17 Redrilled holes and added more brackets. Moved the old brackets over remount. Siliconed old holes. Siliconed over screw so they don't back out again.<br><br>**Back Up Camera** – VERIFIED – Checked and found settings in menu had camera of – Reset menu and checked camera, working correctly, shut off and put unit in reverse, camera comes on. Re-address C.S that it does not come on when in reverse and all images are reversed. Tested operation and verified problem. Removed leveling jack control pad to access wiring. Located camera switch box, no power in when coach is in reverse. Traced wiring to kick panel on d/s, then goes under floor. No loose connections. Also noticed back up lights are not on. Located fuses under driver seat. Fuse blown for lights. Replaced fuse. Camera now ok. | 03/27/17 | N/A | 36 | 86847 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Drain** – VERIFIED – C/s that valve spins and spins and spins right rear. Removed panel in two rear compartments to gain access. Valve on frain from fresh water tank defective. Needs to be replaced. Valve in installed through wall of the compartment. Lines short segments requiring re-plumbing from tank to the valve. Requested authorization online, pending approval at this time. 04/07 authorization approved for following repair: Imp installed. Remove panel in 2 rear compartments access need to replace valve through wall of comp. Line short, need to replumb from tank to valve. Modifying lines, fitting, etc. to tank then to valve, R/R valve. Valve not installed correctly – removed valve and some plumbing. Corrected problem. Reinstalled, resealed around holes. Put panel back on. Cleaned up mess. Re-address low point drain leaking. 04.28 – inspected/verified previous repair done with hose crimp. Job not complete. 05.01 – removed hose clamp. Disconnected plumbing, placed "shark bite" pex crimp around plumbing. Reconnected hose and crimped with specialty pliers. Filled tank to ½ way point to check for leaks. Tested good. No flag.

**Stove** – VERIFIED – C/s that stove vibrates when in transit and counter extension cover falls off when driving. Vibration noise coming from covers on range. Signs of wear on covers from vibration. Customer needs to remove during transit or installed bumper on covers. No flag.

**Bunk Bed** – VERIFIED – C/s that there is a nail poking out of bunk bed framing. Nail is located on side framing right side. Marked with orange sticked. Nail is on other side of marker.

Screw from cabinet sticking through, require removal of inner panel and coat hooks to remove. Repair not complete. Waiting for authorization. No flag. Authorization approved for the following repair: Imp installed. Screw ran through wall coming out behind fabric. Remove screw inside of panel. RI cabinet door, R/I 2 coat hooks, R/I 4 moldings. Remove re-install paneling. Cabinetry repair estimate 2.5 hours. Sublet repair of fabric to color glo. $75.00 sublet estimate. Removed inner panel, moldings, control panel, and screw coming through. Installed shorter ones. Reinstalled.

**Water Leak** – VERIFIED – Leak into rear compartments. C.S that when driving in rain, both side rear compartments will have water in them. Not sealed at top of compartment, water being thrown up by tires, going over top into compartment. Repair not complete. Waiting authorization. Authorization approved for following repair: Leaking, lack of foam sealant, etc. Need to prevent excess water from getting into compartments. Need to add expanding foam along top edge next to tires and all other edges at compartments, seal as needed to prevent water damage, etc. Cleaned silicone as needed to keep water out.

**Whistling Noise** – VERIFIED – C.s. that the entry door whistles at 55 mph. Seal has gap at points, loose at top corner and collapsed at points. Need to replace seal. Filled out new parts order form. Repair not complete. Authorization approved. Comp failure, test drive and found entry door bulb seal and foam seal need to be replaced with new. Order new entry door bulb seal, remove and replace with new, remove and replace foam seal with

| | | | | |
|---|---|---|---|---|
| new. Removed existing bulb seal from entry door and installed new. Will need to test drive. Upon QC and test drive found that entry noise is quiet but hear wind noise from possible windshield. Got with warranty and JQ states that this is a chassis warranty issue. Recommend taking chassis manufacturer.<br><br>**Mud Flaps** – VERIFIED – C/s that mud flap are not secure and rubbed against tire during transit damaging flaps, problem is on both sides on front side of tires. Mud flaps in front of each rear wheel has come loose and rubbed against tire. Need to replace mud flaps and secure. Filled out new parts order form. Brackets supporting mud flaps pulled loose. Secure each bracket rear mud flaps properly, reposition, R/R mud flaps with new. Remounted mud flaps as needed. Removed existing mud flaps (front) both left and right. Cut new mud flaps to size. Marked holes and predrilled into mudflaps. Installed new reverse of removal.<br><br>**Utility Bin** – VERIFIED – C.s. that the white panel in utility bin is loose. Inspected/verified screw is missing from bottom right corner. Predrilled new hole, ran in new screw and secured. | | | | |
| **Body** – VERIFIED – Repair damage on pass side rear slide metal facia, filon vertical wall and corner molding. Paint mult colors. Call customer with estimate, Mr. Scott approve my estimate over the phone. Repair damage on pass side rear, sand, body work, prep for paint, mask area for overspray, paint multi colors and stripes, clear coat. Color sand and buff as needed. Repair Complete. | 04/04/17 | N/A | 4 | 86950 |

| | | 07/07/17 | N/A | 53 | 88252 |
|---|---|---|---|---|---|
| **External Molding** – VERIFIED – C.S that a molding is pulling away at left rear. Four broken screws- removed broken screws. Installed new screws. Installed vinyl cap and sealed.<br><br>**Outlet** – VERIFIED – Outlet at T.V. on bunk. C/s that this outlet should work when in transit/all times but is intermittently inop. Breaker tripped, reset breaker and waiting for results.<br><br>**Refer**– VERIFIED – C/s that refer will not cool on any source. Box not built to specifications. Gap at ceiling and baffle too high. May have ruined cooling unit. Removed refer to bench test and rebuild cabinets. Removed refer, bench tested, no cooling. Faxed in cooling unit diag sheet to Norcold, Also emailed to thetford Norcold. Rending review. Refer cabinet not built properly. Baffle too high and upper baffle upside down. Need to rebuild refer cabinet. Received call from Norcold, spoke to Matt, got with tech 107 Gary to discuss testing and readings, baffling etc. Matt approved a replacement cooling unit to be ordered and sent no charge. Received Norcold Claim 650746, cooling unit to be sent no charge 7-10 days. Defective cooling unit will need to be returned for claim. Baffling correction to be billed to Jayco. R&R cooling unit and re-installed reefer. R/R cooling unit with new bench test over-night. Job not complete. Finished installing refer.<br><br>**Refrigerator** – VERIFIED – C/s refrigerator not cooling. Found not baffled correctly. Tech 107 had to remove refrigerator and correct all baffling and test refrigerator, also perform cooling unit test with diag sheet to determine if cooling unit has failed. Made all corrections to baffling | | | | | |

in order for refrigerator to operate properly in cabinet box. Reinstalled refrigerator and tested, still not cooling. Cooling unit must be replaced. See job 3. This is for the baffling corrections only.

**Inverter Panel** – VERIFIED – C/s that voltage on inverter panel is only at 11.9 when usually reads 14.1. Check all wiring. 12volt ok. Check manual online, could not find on magnum site. Found another Seneca and checked for operation – not complete. Phone call to magnum inverter. On hold for 25 minutes. Reset inverter.

**Generator –** C/s that gen would not continue to run. Would run about 2 minutes then shut off. After a dozen attempts it ran, but still not power to TV at bunk.

**Leveling System** – VERIFIED - C/s that leveling is inop, lights blink on panel after engine start up and cust cannot turn power off. Cannot level unit, cannot shut off system, after 10 min of running system shuts off by itself. Checked wiring to pump control. Unit and touch pad. 13.6 colts everywhere. Job not complete. Two phone calls to equalizer. Diag jacks incomplete. Placed three calls to Randy at equalizer. Checked pad, controller fuses(all good). Jacks go down, but will not come up. Rewire pump motor and solenoid to raise jacks. Needs solenoid. R/R jack motor solenoid test sys, job complete.
**Stove/Microwave** – C/s that stove and microwave rattle in transit. Stove cover sits directly on stove top causing rattle. Recommend removing stove cover during travel. No repairs can be made.

| | | | | |
|---|---|---|---|---|
| **Electrical** – Intermittent 12 volt to multiple sources. I.E. steps, jacks and cord reel. Testing overnight, batteries don't seem to be charging properly. No problem found. Job complete. | | | | |
| **Generator** – *2nd Repair Attempt* – VERIFIED - C/s the gen will run for few minutes by then shuts off. Related to Job #3.<br><br>**Power Steps** – VERIFIED – C/s the steps are working intermittent. Right now they are stuck open. Related to job #3.<br><br>**House Batteries** – VERIFIED – C/s the house batteries don't seem to charge when engine is running. No power to charge solenoid from breaker. Located breaker on top of chassis batts. Reset and tested. Good. | 08/29/17 | N/A | 3 | 88937 |
| **Generator** – *3rd Repair Attempt* – VERIFIED - Entertainment sys customer states there's no power getting to the TV entertainment sys when running on generator or while running the inverter. No power to entertainment center while driving. Related to job 2, batteries not charging. Job complete.<br><br>**House Batteries** – *2nd Repair Attempt* – VERIFIED – C/s the house batteries are not being charged while driving. House batteries not charging from engine. Battery manager isn't engaging solenoid. This is the new one. It lasted one trip. Rewired ignition wire to boost side of battery manager…tested and it works as it's supposed to. | 10/10/17 | N/A | 16 | 89425 |

| | | | | |
|---|---|---|---|---|
| **Odor** – VERIFIED – C/s when flushing the toilet, there's always a foul smell from the tank. Customer has tried multiple types of tank treatments and flushed the tank multiple times. Customer believes there is a venting issue. Remove plumbing vent cap from roof. Vent pipe is cut too long, hitting top and not allowing tank to vent. Cut off vent pipe, reassemble and test. Job complete.<br><br>**Mud Flaps** – *2nd Repair Attempt* – VERIFIED – C/s the mud flaps in front of the rear tires on both sides are damaged from rubbing against the tires. r/& forward mud flaps on rear wheels. | | | | |
| **TV/DVD** – C/s the Tv/DVD above the right front seat in the bunk area has no power. The outlet is dead.<br><br>**Whistling Noise** – *2nd Repair Attempt* – C/s there's a whistling noise coming from the area between the cab & the bunk. He had it checked freightliner and they said it not coming from chassis or windshield. The whistle noise can be heard at speeds over 50mph. | 12/18/17 | N/A | 1+ | 90191 |

23. Plaintiff has suffered through ongoing and reoccurring problems with fit and finish, and a myriad of mechanical issues in their Seneca.

24. Defendant JAYCO has had multiple repair attempts on the RV, through its Dealer, and has refused and or failed to remedy, fix or remediate the serious issues.

25. The issues plaguing the RV are not the fault of the Plaintiffs. Plaintiffs have meticulously maintained the RV. The uncorrected issues are the fault of Defendant JAYCO.

///

26. The servicing Dealerships are Defendant JAYCO's agents in the capacity, as they perform warranty repairs on behalf of and for JAYCO. It is clear that JAYCO is unable to fix, remedy and or repair the RV to conform to the warranty. The Defendant's multiple repair attempts have proven willfully unsuccessful in resolving the issues.

27. Plaintiffs paid top dollar for the RV, and are reasonably entitled to expect great professional service and a reliably strong vehicle. It is obvious that the chronic problems and defects are not acceptable in this class of vehicle.

28. JAYCO's multiple failures to remedy, repair and or fix the issues with the RV have left the Plaintiffs with no reasonable alternative but to bring this legal action.

**FIRST CAUSE OF ACTION**

**Breach of Express Warranty-Song-Beverly Consumer Warranty Act**

**<u>Against JAYCO</u>**

29. Plaintiffs re-allege and incorporate by reference all proceeding paragraphs 1 through 28 as though fully set forth herein.

30. In connection with the sale of the defective RV, Defendant provided the warranty as articulated in paragraph 18 herein the complaint. Under the terms of the warranty, JAYCO undertook to preserve and maintain the utility and performance of the Vehicle, and to provide compensation to the original and subsequent private purchasers of the Vehicle, if there is a failure of utility and or performance within said warranty period.

31. The warranty is an express warranty and a written warranty within the meaning defined, respectively, in Civil Code §1791.2 and 15 U.S.C. § 2301 (6).

32. The above-described defects, malfunctions, and nonconformities, more fully explained above in Paragraph 21, substantially impair the use, value, and safety of the vehicle.

33. Defendant JAYCO violated Civil Code § 1793.2, subdivision (d)(2), when it breached the express warranty provided by refusing within a reasonable number of attempts to service or repair the RV, so as to conform it to the express warranty, and again violated this same subsection when it subsequently failed to offer Plaintiffs a repurchase or

replacement of RV, including restitution of all money paid out toward the RV, and interest on the same.

34. Under Civil Code § 1793.2(d)(2), JAYCO must, upon election by Plaintiffs, reimburse the RV's price to Plaintiffs or replace RV with a like RV. Plaintiffs hereby again revoke their acceptance of the RV, rescind the contract, and demand a complete refund as explained above.

35. JAYCO violated Civil Code §§ 1793.3 and 1793.4 by failing to commence service and repair within reasonable time, and failing to tender conforming goods within 30 days.

36. Under Civil Code §§ 3287 and/or 3289 (a), Plaintiffs are entitled to interest at the contracted for rate on all money paid toward the RV from the date of contract and hereby assert their claim for the same.

37. Plaintiffs notified Defendant JAYCO of the problems suffered by the RV, and JAYCO willfully refused to acknowledge all of the repair attempts and failed to service RV and/or remedy the aforementioned problems, as more fully explained above at Paragraph No. 21, within a reasonable amount of time under warranty. The failure of JAYCO to comply with the express warranty provided was willful in that JAYCO had actual knowledge of the nonconformities prior to and/or subsequent to the Plaintiffs' purchase of the RV. JAYCO knew of its legal duties under the warranty. Subsequent to the purchase of the RV, JAYCO refused to make the necessary repairs timely and correctly under the warranty. JAYCO has since failed to offer Plaintiffs a complete repurchase or refund. For the aforementioned and following reasons, under Civil Code § 1794(e)(1) [citing Civil Code § 1793.2(d)(2)], Plaintiffs are entitled to a civil penalty of up to two times the amount of their damages in addition to such actual damages.

38. Under Civil Code § 1795.6 (a) and (b), the warranty cannot expire since the repair attempts failed to remedy the problems during the warranty period.

39. Under Civil Code § 1794 (a), Plaintiffs are entitled to restitution of all consideration given and hereby elects the same.

///

40. As a proximate result of said breaches of express warranty, and of said rescission, Plaintiffs have sustained, and continue to sustain, incidental and consequential damages, both economic and noneconomic, plus civil penalties and interest, according to proof.

41. Under Civil Code §1794(d), Plaintiffs are entitled to attorney fees and expenses reasonably incurred in connection with this action.

**SECOND CAUSE OF ACTION**

**Breach of Implied Warranty-Song-Beverly Consumer Warranty Act**

**Against JAYCO**

42. Plaintiffs re-allege and incorporate by reference all proceeding paragraphs 1 through 41 as though fully set forth herein.

43. JAYCO breached the implied warranties of merchantability and fitness, as stated in Civil Codes §§ 1791.1; 1792; and 1792.1, in that the defects and nonconformities more fully explained above in Paragraph No. 21 make the vehicle not merchantable, unfit for its ordinary and/or specific purposes, and it would not pass without objection in the trade.

44. Because of the breaches of implied warranties, Plaintiffs again revoke acceptance of the RV and rescind the contract.  Under Civil Code §§ 1794 (a), Plaintiffs are entitled to restitution of all consideration given.

45. Under Civil Code §§ 3287 and/or 3289 (a), Plaintiffs are entitled to interest on all money paid toward RV at the contracted for rate from the date of contract and hereby again assert their claim for the same.

46. For the reasons stated above in Paragraph No. 21, under Civil Code § 1794 (c) and/or § 1794 (e)(1), Plaintiffs are entitled to a civil penalty of up to two times the amount of their damages in addition to the actual damages suffered.

47. Under Civil Code § 1795.6 (a) and (b), the warranty cannot expire since the repair attempts failed to remedy the problems during the warranty period.

48. The failure of JAYCO to comply with the implied warranties provided was willful in that it had actual and/or reasonable knowledge of the nonconformities prior to the

Dealer selling the RV to the Plaintiffs, knew of its legal duties under the applicable implied warranty, and subsequently refused to timely make the necessary repairs and/or offer a replacement and/or the refund.  Therefore, under Civil Code § 1794 (c) and/or § 1794 (e)(1), Plaintiffs are entitled to a civil penalty of up to two times the amount of their actual damages in addition to the actual damages suffered.

49. As a proximate result of said breaches of implied warranties, and of said rescission, Plaintiffs have sustained, and continue to sustain, incidental and consequential damages, both economic and noneconomic, plus civil penalties and interest, according to proof.

50. Under Civil Code § 1794 (d), Plaintiffs are entitled to attorney fees and expenses reasonably incurred in connection with this action.

**THIRD CAUSE OF ACTION**

**Business and Professions Code § 17200**

**<u>Against JAYCO</u>**

51. Plaintiffs re-allege and incorporate by reference all proceeding paragraphs 1 through 50 as though fully set forth herein.

52. Plaintiffs bring this action against Defendant JAYCO for its alleged violation of *California Business and Professions Code §§ 17200 et seq.* (Unfair Competition Act) ("Act").  The Act prohibits "any unlawful, unfair, or fraudulent business act or practice" or "unfair, deceptive, untrue, or misleading advertising." Defendant's violation of the Song-Beverly Act, placing a known defective vehicle with a known defective design into the stream of commerce, without warning and or remedying the defect, are deceptive business practices and was a fraudulent business practice.

53. Plaintiffs allege that *Cal. Bus. & Prof. Code §§ 17200 et seq.* prohibits the "unlawful" Defendant conduct described previously and in greater detail herein throughout the complaint, and that Plaintiffs have suffered injury in fact as a result of Defendant's "unlawful" conduct.

54. Plaintiffs allege that Defendant's conduct constitutes unfair competition within the meaning of the Act, insofar as the Act prohibits "any unlawful, unfair, or fraudulent

business act or practice" or "unfair, deceptive, untrue, or misleading advertising." Plaintiffs allege that they have suffered an "injury in fact" because of Defendant's unfair competition.  Pursuant to *Hill v. Time, Inc. (2008)* 158 Cal.App.4th 847, 854-55, "[A] plaintiff suffers injury in fact for purposes of standing under the [Act] when he or she has:  (1) expended money due to the defendant's act of unfair competition; (2) lost money or property; or (3) been denied money to which he or she has cognizable claim."

55. Plaintiffs allege that as a result of Defendant's unfair competition within the meaning of the Act; to wit, violation of the Song-Beverly Act, knowingly selling a defectively manufactured vehicle, Plaintiffs have had to hire an attorney and pay considerable attorney's fees to resolve the issue. Plaintiffs have suffered "injury in fact" and are entitled to damages.

## FOURTH CAUSE OF ACTION

### Consumer Legal Remedies Act, Civil Code § 1750 et. Seq.

### <u>Against JAYCO</u>

56. Plaintiffs re-allege and incorporate by reference all proceeding paragraphs 1 through 55 as though fully set forth herein.

57. JAYCO violated Civil Code § 1770, subdivisions (a)(1), (a)(2), (a)(5), (a)(7), (a)(9), (a)(14), and (a)(16), at the time of purchase, and each and every time thereafter that it failed to repair, perform required maintenance, and/or authorize necessary warranty repair work on the vehicle, while it was at JAYCO's service department/dealer when such repair(s) and/or maintenance may have or would have remedied the vehicle's problems.  JAYCO's failure to timely make proper repairs proves its representations of the quality of and promises within its warranty contract to fix, repair, or replace defective parts with good non-defective parts are not in fact as represented or printed and are of another, lesser quality, grade, or standard.

58. JAYCO again violated these same subsections when it failed to warn Plaintiffs that their RV came with parts and components that were defective. JAYCO failed to warn Plaintiffs that if it ever replaced those parts under warranty it would only do so with

similarly defective ones, and that it would take an exceedingly long time to do so, all while sending them back out on the road in his problematic RV.

59. JAYCO again violated these same subsections every time it sent Plaintiffs back out on the road with a defective RV following a repair visit, representing that within the repair visit his RV had been thoroughly inspected and was free of problems or defects.

60. Plaintiffs are informed and believe that JAYCO knew that this RV, at least the year, make, and model with the same issues, had defects and/or highly unusual operating characteristics and that it failed to disclose the same to Plaintiffs at any time.  JAYCO's failure amounts to a violation of Civil Code § 1770, subdivisions (a)(1), (a)(2), (a)(5), (a)(7), (a)(9), (a)(14), and/or (a)(16), because JAYCO misrepresented that this RV, along with those of the same model, year, and engine, were of a particular standard, quality, or grade when they were in fact of another. JAYCO knew that this RV suffered from inherent engine defects, nonconformities, and unusual characteristics. JAYCO was under a duty to disclose all of this to the public, including Plaintiffs, because it was in a superior position to do so.  These facts are important to Plaintiff since they would have played a vital role in their purchase decision.

61. Plaintiffs were justified in relying upon the truth of the representations because Plaintiffs had no knowledge of any facts indicating that the promises made in JAYCO's warranty, or those made by JAYCO ensuring it could fix the RV, should not be believed.

62. Because of said violations, Plaintiffs are entitled to rescind the contract and to obtain restitution of all consideration paid.  Under Civil Code § 1780(a)(1), Plaintiffs hereby again rescind the contract and respectfully under the law demand full restitution of all money paid pursuant to said contract.

63. Under Civil Code § 1780(d), Plaintiffs are entitled to costs and reasonable attorney fees according to proof.

64. More than 30 days before commencing this action, Plaintiffs separately notified JAYCO in the manner prescribed by Code of Civil Procedure § 1782(a) of the particular

violations alleged in this CAUSE OF ACTION and demanded that it make rectification. JAYCO has not provided such rectification.

### FIFTH CAUSE OF ACTION

### Violation Magnuson-Moss Warranty Act, 15 U.S.C. § 2301

### Against JAYCO

65. Plaintiffs re-allege and incorporate by reference all proceeding paragraphs 1 through 64 as though fully set forth herein.

66. Defendant JAYCO violated the Magnuson-Moss Warranty Act by failing to conform the RV and its components to the express warranties within a reasonable number of attempts or a reasonable amount of time. Defendant has failed to cure their failure to comply with the Act.

67. Prior to commencing this action, Plaintiffs afforded Defendant reasonable opportunities to cure the failures and to comply with the Act.

68. Pursuant to 15 U.S.C. § 2310(d)(1), Plaintiffs are entitled to the equitable remedies of rescission and restitution and/or damages. Plaintiffs revoke acceptance of the RV and rescind the contract. Plaintiffs are entitled to restitution of all consideration given.

69. As a proximate result of the violations of the Act, Plaintiffs have sustained, and continue to sustain damages, both economic and noneconomic.

70. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiffs are entitled to attorney fees and expenses reasonably incurred in connection with this action.

71. Pursuant to 15 U.S.C. § 2301 (7), the breaches by Defendants of the state-law implied warranty of merchantability and fitness, as set forth above, also constitute breaches of implied warranties pursuant to the Magnuson-Moss Act.

72. Pursuant to 15 U.S.C. § 2310(d)(1), and because of said breaches of implied warranties, Plaintiffs are entitled to the equitable remedies of rescission and restitution and /or damages. Plaintiffs revoke acceptance, rescind the contract, and claim full restitution.

///

///

73. As a proximate result of the breaches of the implied warranty, Plaintiffs have sustained, and continue to sustain damages, both economic and noneconomic, to be determined at trial.

74. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiffs are entitled to attorney fees and expenses reasonably incurred in connection with this action.

**PRAYER FOR RELIEF**

***WHEREFORE***, Plaintiffs pray for judgment as follows:

1. A declaration that the purchase contract is rescinded;

2. A declaration that Defendant JAYCO has been given a reasonable number of repair attempts and/or days to conform the vehicle to the warranty;

3. Actual damages according to proof;

4. Restitution of all consideration given by Plaintiff and/or paid out toward the vehicle;

5. Civil Penalties on each violation of the Song-Berry Act in the amount of two times actual damages;

6. Reasonable attorney fees according to proof;

7. Costs and expenses reasonably incurred in connection with this action;

8. An order requiring Defendants to account for all monies that they have received as a result of the acts and practices found to constitute unfair competition pursuant to *Cal. Bus. & Prof. Code §§ 17200 et. seq.;*

9. An order requiring Defendants to abstain from any further acts and practices found to constitute unfair competition pursuant to *Cal. Bus. & Prof. Code §§17200 et. seq.; and*

///

///

1    10. Such other relief as the court deems proper.

2

3    Dated: June 21, 2018                    LAW OFFICES OF JON JACOBS

4

5

6                                           By:_____

7                                               Jon P. Jacobs
                                                Rene J. Dupart
8                                               Attorneys for Plaintiffs
                                                KEVIN H. SCOTT and
9                                               JACQIE L. SCOTT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28